# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )            **CRIMINAL ACTION**
                                     )            **No. 09-20147-KHV**
MICHAEL WHITE,                       )
                                     )
                    Defendant.       )
_____)

## MEMORANDUM AND ORDER

On July 1, 2010, the government charged defendant Michael White with involuntary manslaughter in violation of 18 U.S.C. §§ 7(3) and 1112 (Count 1) and assault with a dangerous weapon in violation of 18 U.S.C. §§ 7(3) and 113(a)(3) (Count 2). See Information (Doc. #17). On July 6, 2010, defendant pleaded guilty to both counts of the information. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #20). On December 30, 2010, the Court sentenced defendant to 120 months in prison. See Judgment And Commitment (Doc. #33). This matter is before the Court on defendant's letter dated January 15, 2011 (Doc. #35) which the Court construes as a motion to amend the judgment.

Defendant asserts that on December 30, 2010, he legally changed his name from Michael Jaron White to Abdul Hakeem Kareem Mujahid because he has converted to Islam and desires to have a Muslim name. Defendant asks the Court to (1) amend the Judgment And Commitment order and "all other records" to reflect his new legal name and (2) forward a copy of the amended order to the United States Penitentiary at Florence Colorado so that officials there will change his name

in SENTRY, the Bureau Of Prisons database.[1]

> Bureau of Prisons Policy regarding name changes provides in part as follows:
>
> e. Inmate Committed, Legal, and True Names.  The name entered on the J&C is considered the committed name to be used by the inmate, as well as the Bureau. SENTRY must reflect the committed name, which may only be changed by an order from the Federal sentencing court.  Court orders will be filed in the J&C file in accordance with Attachment A of this Manual and the designated Records Office will be notified accordingly. . . .  Some J&C's indicate "legal" names or "true" names in addition to the committed names used in the criminal case.  A SENTRY code for "legal" name has been established and the SENTRY "legal" name field must be updated to include any "legal" names the sentencing court provided.  A "true" name will be entered into SENTRY as an alias.

Federal Bureau Of Prisons, Correctional Systems Manual, CHAPTER 5, Section 502(e).

Case law supports the practice which the Bureau of Prisons has adopted.  Fawaad v. Herring, 874 F. Supp. 350 (N.D. Ala. 1995) (inmate's right to free speech and religion not violated by requirement that on incoming and outgoing mail, inmate use both name under which convicted and chosen religious name); see Matthews v. Morales, 23 F.3d 118 (5th Cir. 1994).  Defendant has an interest in prospective recognition of his adopted Muslim name, see United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (free exercise clause entitled inmate to prospective recognition of name change); see Salahuddin v. Carlson, 523 F. Supp. 314, 315 (E.D. Va. 1981) (prison must deliver mail addressed to prisoner under new legal religious name).  He does not, however, have a right to retroactively change the name under which he was convicted or to dictate how prison officials keep their records.  Baker, 415 F.3d at 1274; Barrett v. Va., 689 F.2d 498, 503 (4th Cir. 1982); Iman Ali Abdullah Akbar v. Canney, 634 F.2d 339, 340 (6th Cir. 1980); see Massi v. U.S. Marshal's Serv.,

---

[1]    Defendant also asks the Court to send the United States Marshal's Service a certified order regarding his name change so that the Marshal's Service can forward it to Corrections Corporation of America, where defendant was confined while awaiting sentencing.  Defendant is no longer incarcerated at CCA, so this request is moot.

No. Civ. A. MJG-02-3555, 2003 WL 23841451, at *2 (D. Md. Mar. 19, 2003) (prisons not required to reorganize filing systems to reflect prisoner name changes but must recognize post-commitment name changes so mail delivery and other services are not hindered due to confusion as to prisoner's identity).

Here, defendant changed his legal name on the same date that the Court sentenced him in this case. At sentencing, however, defendant did not inform the Court of his pending name change or ask the Court to use his new name. Granting defendant's request to amend the <u>Judgment and Commitment</u> order to reflect his new name would therefore result in confusion and create record-keeping problems for the federal courts. <u>See</u> <u>Jihad v. United States</u>, No. 04-CR-00108 (WJM), 2008 WL 4560711, at *1 (D.N.J. Oct. 10, 2008).

**IT IS THEREFORE ORDERED** that defendant's letter dated January 15, 2011 (Doc. #35) which the Court construes as a motion to amend the judgment be and hereby is **OVERRULED**.

Dated this 21st day of April, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge