## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **No. 09-20147-KHV** |
| MICHAEL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On July 6, 2010, defendant pleaded guilty to involuntary manslaughter in violation of 18 U.S.C. §§ 7(3) and 1112 and assault with a dangerous weapon in violation of 18 U.S.C. §§ 7(3) and 113(a)(3). See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #20). On December 30, 2010, the Court sentenced defendant to 120 months in prison. See Judgment And Commitment Order (Doc. #33). On January 21, 2011, defendant filed a Motion To Amend Judgment (Doc. #35) in which he asked the Court to amend the judgment and commitment order to reflect his new legal name. On April 21, 2011, the Court overruled the motion to amend judgment. See Doc. #38. This matter comes before the Court on defendant's Motion For Reconsideration (Doc. #39) filed May 9, 2011, Second Motion For Reconsideration (Doc. #40) filed May 23, 2011 and Motion For Order Regarding Name Change (Doc. #41) filed August 1, 2011. For reasons set forth below, the Court finds that the motions should be overruled.

### Factual And Procedural Background

Defendant asserts that on December 30, 2010, he legally changed his name from Michael Jaron White to Abdul Hakeem Kareem Mujahid because he has converted to Islam and desires to have a Muslim name. In his motion to amend the judgment and commitment order, defendant asked

the Court to (1) amend the Judgment And Commitment order and "all other records" to reflect his

new legal name and (2) forward a copy of the amended order to the United States Penitentiary at

Florence Colorado so that officials there will change his committed name in SENTRY, the Bureau

Of Prisons ("BOP") database.  The Court overruled the motion, citing BOP policy regarding name

changes and case law, as follows:[1]

> Defendant has an interest in prospective recognition of his adopted Muslim name,
> see United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (free exercise
> clause entitled inmate to prospective recognition of name change); see Salahuddin
> v. Carlson, 523 F. Supp. 314, 315 (E.D. Va. 1981) (prison must deliver mail
> addressed to prisoner under new legal religious name).  He does not, however, have
> a right to retroactively change the name under which he was convicted or to dictate
> how prison officials keep their records.  Baker, 415 F.3d at 1274; Barrett v. Va., 689
> F.2d 498, 503 (4th Cir. 1982); Iman Ali Abdullah Akbar v. Canney, 634 F.2d 339,
> 340 (6th Cir. 1980); see Massi v. U.S. Marshal's Serv., No. Civ. A. MJG-02-3555,
> 2003 WL 23841451, at *2 (D. Md. Mar. 19, 2003) (prisons not required to
> reorganize filing systems to reflect prisoner name changes but must recognize

---

[1]     The applicable BOP policy provides as follows:

**Inmate Committed, Legal, and True Names.**  The name entered on the J&C is
considered the committed name to be used by the inmate, as well as the Bureau.
SENTRY must reflect the committed name, which may only be changed by an order
from the Federal sentencing court.  Court orders will be filed in the J&C file in
accordance with Attachment A of this Manual and the designated Records Office
will be notified accordingly. . . .  Some J & C's indicate "legal" names or "true"
names in addition to the committed names used in the criminal case.  A SENTRY
code for "legal" name has been established and the SENTRY "legal" name field
must be updated to include any "legal" names the sentencing court provided.  A
"true" name will be entered into SENTRY as an alias.

Federal Bureau Of Prisons, Correctional Systems Manual, CHAPTER 5, Section 502(e).

Additionally, inmates may adopt name changes in accordance with religious
affiliations or other lawful means.  It is the inmate's responsibility to provide CSD
staff with verifiable documentation of the name change which will be entered by
staff in the SENTRY "legal" name field.

Id., CHAPTER 4, Section 402(d).

post-commitment name changes so mail delivery and other services are not hindered due to confusion as to prisoner's identity).

Here, defendant changed his legal name on the same date that the Court sentenced him in this case. At sentencing, however, defendant did not inform the Court of his pending name change or ask the Court to use his new name. Granting defendant's request to amend the Judgment and Commitment order to reflect his new name would therefore result in confusion and create recordkeeping problems for the federal courts.

Doc. #38 at 203. In his most recent motion, defendant abandons his request for the Court to amend the Judgment And Commitment Order but asks the Court to enter an order reflecting his legal name change.

The applicable BOP policy provides that in addition to legal names reflected in a Judgment And Commitment Order, "inmates may adopt name changes in accordance with religious affiliations or other lawful means. *It is the inmate's responsibility to provide CSD staff with verifiable documentation of the name change which will be entered by staff in the SENTRY 'legal' name field*." Federal Bureau Of Prisons, Correctional Systems Manual, CHAPTER 4, Section 402(d) (emphasis added). Under this policy, if defendant provides the BOP a certified copy of the Order Changing Name issued by the District Court for Leavenworth County, Kansas, the BOP will recognize his new legal name as an alias to his committed name. The Court acknowledges that this will not achieve defendant's desire to be recognized and known *only* by his new legal name. For the reasons set forth in the order overruling defendant's motion to amend or correct the judgment and commitment order, however, the Court declines to issue an order regarding defendant's change of name.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #39) filed May 9, 2011, Second Motion For Reconsideration (Doc. #40) filed May 23, 2011 and Motion For Order Regarding Name Change (Doc. #41) filed August 1, 2011 be and hereby are

-3-

**OVERRULED**.

Dated this 26th day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge